UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>    Plaintiff,<br><br>v.<br><br>James Street, Patrick C. Diamond, and Lindsey Middlecamp,<br><br>    Defendants. | Case No. 19-cv-2864 (SRN/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiff Brock Fredin's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 2], referred to this Court for a report and recommendation by the Honorable Susan Richard Nelson [Doc. No. 16]. Plaintiff seeks a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b). (Pl.'s Mot. at 1.) Rule 65(b) provides in relevant part:

(b) Temporary Restraining Order.

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Court recommends that the motion be denied because Plaintiff has neither set forth specific facts in an affidavit or verified complaint showing that immediate and irreparable injury or damage will result before Defendants can be heard in opposition, nor certified in writing his efforts to give notice of the motion to Defendants and explained why notice should not be required.

To the extent Plaintiff would seek a preliminary injunction pursuant to Rule 65(a), he has not provided notice of the motion to the adverse parties.  Plaintiff states in his Certificate of Service that the Clerk of Court will serve notice through the CM/ECF system and that he "will provide personal process service" to Defendants.  Plaintiff is incorrect that the Clerk of Court will provide notice, given that Defendants have not entered an appearance in the case, and his statement of future intention to serve Defendants will not suffice.  The Affidavits of Service filed on November 13, 2019, do not indicate that the Motion for Temporary Restraining Order and Preliminary Injunction was served along with the summons and complaint.  [*See* Doc. Nos. 13, 14, 15.]

The Court further recommends, as an independent ground for denial, that the motion be denied for failure to comply with District of Minnesota Local Rule 7.1(d).  Specifically, Plaintiff did not call the Court's courtroom deputy to obtain a hearing date and briefing schedule.  Plaintiff is a frequent litigant before this Court and is well acquainted with the Local Rules and this Court's expectation that he adhere to them, despite his pro se status.

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff Brock Fredin's

Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 2] be **DENIED**.

Dated: November 14, 2019         s/ *Hildy Bowbeer*
                                 HILDY BOWBEER
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).