# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>James Street, Patrick C. Diamond,<br>and Lindsey Middlecamp,<br><br>　　　　　Defendants. | Case No. 19-cv-2864 (SRN/HB)<br><br>**REPORT AND<br>RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Defendants James Street and Patrick C. Diamond's Motion to Dismiss [Doc. No. 29] and Plaintiff Brock Fredin's Second Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 35].[1] The motions were referred to this Court for a report and recommendation by the Honorable Susan Richard Nelson [Doc. Nos. 16, 38].[2] For the reasons set forth below, the Court recommends that the motion to dismiss be granted in part and denied in part and that the motion for injunctive relief be denied in part and held abeyance in part pending additional briefing.

---

[1] This Court recommended that Fredin's first Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 2] be denied in light of several procedural defects. (R. & R. at 2–3 [Doc. No. 17].)

[2] The Court understands that the order referring Fredin's first Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 16] also applies to the current motion.

I.   **The Parties and Claims**

Plaintiff Brock Fredin is suing state court judge Patrick C. Diamond, state court referee James Street, and Lindsey Middlecamp pursuant to 42 U.S.C. § 1983. (Am. Compl. ¶ 1 [Doc. No. 9].) He seeks to enjoin the enforcement of a 50-year harassment restraining order ("HRO") issued by Judge Diamond on July 26, 2019, on a petition filed by Middlecamp ("2019 HRO"). (*Id.* ¶¶ 1, 2.) The 2019 HRO bars Fredin from, *inter alia*, (1) commencing as a self-represented party any new cases against Middlecamp, without prior leave of a judicial officer; and (2) anonymously publishing or contributing to websites or generating social media posts or other online content relating to Middlecamp. (Am. Compl. Ex. A at 3 [Doc. No. 1-2].) After Judge Diamond issued the 2019 HRO, the proceeding was transferred to Referee Street. (Am. Compl. ¶¶ 9, 14.)

Fredin also recounts several events that are the subject of other lawsuits he has filed against Middlecamp, including Middlecamp's allegedly false and defamatory tweets about him; a two-year HRO Middlecamp obtained in April 2017 ("2017 HRO"); and the service of the 2017 HRO and search of Fredin's residence in April 2017. (*Id.* ¶¶ 20–24.) Fredin denies, however, any intention to challenge the 2017 HRO. (Pl.'s Mem. Opp'n Mot. Dismiss at 9 [Doc. No. 40].)

Fredin alleges in this action that the 2019 HRO violates the First and Fourteenth Amendments. (Am. Compl. ¶¶ 15–17, 25–42.) He also claims a violation of the Fourth Amendment occurred when he was served with the 2017 HRO. (*Id.* ¶¶ 43–49.) Fredin brings official capacity claims against Referee Street and Judge Diamond and personal

2

capacity claims against Middlecamp.  (*Id.* ¶¶ 8–10.)  He seeks declaratory and injunctive relief, as well as monetary damages.  (*Id.* ¶¶ 55–55, Prayer for Relief.)

## II.     Judge Diamond and Referee Street's Motion to Dismiss

On December 4, 2019, Judge Diamond and Referee Street (collectively, "State Defendants") filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  The State Defendants also ask for an order prohibiting Fredin from filing in any court in the Eighth Circuit any future lawsuit arising out of any HRO entered in state court, without the express permission of this Court or unless the pleading is signed by an attorney.  (State Defs.' Mot. Dismiss at 1 [Doc. No. 29].)

### A.     Dismissal of Claims

The State Defendants advance a number of grounds for dismissal, including the *Younger* abstention doctrine, sovereign immunity, and judicial immunity.[3]  The judicial immunity doctrine provides a clear and comprehensive basis for dismissal of all claims against the State Defendants.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) (citing *Bradley v. Fisher*, 13 Wall. 335 (1872)).  Judges are absolutely immune from civil lawsuits alleging misconduct during

---

[3] The State Defendants also initially advanced a *Rooker-Feldman* argument with respect to the 2017 HRO.  After Fredin disavowed any challenge to the 2017 HRO, the State Defendants conceded the *Rooker-Feldman* doctrine would not apply to any claims related to the 2019 HRO.  (State Defs.' Reply Mem. at 3.)

the performance of their judicial functions, "even when the judge is accused of acting maliciously and corruptly." *Id.* at 554. State court referees are also entitled to judicial immunity. *Cassell v. Ramsey Cty.*, No. 15-cv-2598 (PJS/JJK), 2015 WL 9590802, at *4 (D. Minn. Dec. 11, 2015), *R. & R. adopted*, 2015 WL 9581806 (D. Minn. Dec. 30, 2015).

There are two exceptions to judicial immunity: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Neither exception applies here. Fredin is clearly challenging actions the State Defendants took in their judicial capacity, and the State Defendants acted within their jurisdiction in issuing the 2019 HRO and presiding over the state court action.

There is a narrow exception to the judicial immunity doctrine when a plaintiff seeks prospective declaratory relief. *Justice Network Inc. v. Craighead Cty.*, 931 F.3d 753, 763–64 (8th Cir. 2019). Prospective declaratory relief "is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008), *quoted in Justice Network*, 931 F.3d at 764. Here, Fredin uses the words "prospective declaratory relief" in his Amended Complaint (Am. Compl. ¶¶ 30, 36, 42, 46, Prayer for Relief), but his claims target and seek liability for the State Defendants' past actions (Am. Compl. ¶ 53 (seeking declaratory relief that the 2019 HRO is unconstitutional); Am. Compl. ¶ 54 (seeking declaration that Minn. Stat § 609.748 is unconstitutional on its face and as applied, thus rendering the 2019 HRO void); Am.

4

Compl. ¶ 55 (seeking declaration that service of the 2017 HRO was unconstitutional)). Fredin has no claim for declaratory relief meant to define the legal rights and obligations of the parties with respect to some future conduct. Consequently, the judicial immunity doctrine applies in full and shields the State Defendants from Fredin's claims.

## B.    Injunction Against Future Lawsuits

This case marks Fredin's second attempt to sue state judicial officers[4] and his ninth federal lawsuit related at least in part to the state court harassment restraining order petitions and proceedings.[5] The State Defendants characterize Fredin's litigation conduct as "vexatious" and accuse him of litigating in "bad faith." (State Defs.' Mem. Supp. Mot. Dismiss at 6 [Doc. No. 32].) The State Defendants ask for an order prohibiting Fredin from filing in any court in the Eighth Circuit any future lawsuits relating to any HRO entered in state court, without express permission from a judicial officer or unless the pleading is signed by an attorney duly admitted to practice.

---

[4] Fredin previously sued state court referee Elizabeth Clysdale, along with Middlecamp and several other individuals, for conspiracy. *See Fredin v. Clysdale*, No. 18-cv-0510 (SRN/HB), 2018 WL 7020186, at *6 (D. Minn. Dec. 20, 2018), *R. & R. adopted*, 2019 WL 802048 (D. Minn. Feb. 21, 2019). The claim was dismissed with prejudice because Fredin failed to allege a viable underlying tort or other claim. *See id.* at *14; *Fredin*, 2019 WL 802048 at *1. Fredin has appealed the order of dismissal. Ntc. of Appeal, *Fredin v. Clysdale*, No. 18-cv-0510 (SRN/HB) (D. Minn. Mar. 25, 2019), ECF No. 116.

[5] In addition to the instant case and *Fredin v. Clysdale*, the other seven cases are *Fredin v. Middlecamp*, No. 17-cv-3058 (SRN/HB) (D. Minn. filed July 18, 2017); *Fredin v. Miller*, No. 18-cv-0466 (SRN/HB) (D. Minn. filed Feb. 16, 2018); *Fredin v. Halberg Criminal Defense*, No. 18-cv-2514 (SRN/HB) (D. Minn. filed Aug. 27, 2018); *Fredin v. Olson*, No. 18-cv-2911 (SRN/HB) (D. Minn. filed Oct. 11, 2018); *Fredin v. Miller*, No. 19-cv-2907 (DWF/ECW) (D. Minn. filed Nov. 14, 2019); *Fredin v. Miller*, No. 19-cv-3051 (SRN/HB) (D. Minn. filed Dec. 9, 2019); and *Fredin v. Halberg Criminal Defense*, No. 19-cv-3068 (SRN/HB) (D. Minn. filed Dec. 11, 2019).

A litigant's "affinity for litigation, standing alone," does not provide a sufficient basis for an injunction against filing future lawsuits. *Ruderer v. United States*, 462 F.2d 897, 899 (8th Cir. 1972). But where a litigant has filed suit in bad faith and in furtherance of a personal vendetta, and has already received a full opportunity to present his claims, an injunction against future suits is appropriate. *Id.* The plaintiff in *Ruderer* filed twenty-one federal cases against his former coworkers related to his discharge before filing an action directly against the United States, his former employer. *Id.* at 898. The United States sought and obtained an injunction barring the plaintiff from filing future lawsuits arising from his claim of wrongful discharge. *Id.* The *Ruderer* court upheld the injunction based not on the number of lawsuits filed but on a finding of bad faith and the existence of a personal vendetta. *Id.* at 899.

While the Court believes the doctrine of judicial immunity clearly requires the dismissal of Fredin's claims against the State Defendants, the Court is not convinced that Fredin acted in bad faith in suing the State Defendants or that he has a personal vendetta against the State Defendants. He has brought only one other federal case against a different state judicial officer—Ramsey County District Court Referee Elizabeth Clysdale. Moreover, the *Clysdale* action challenged HROs issued in 2016, *see Fredin v. Clysdale*, No. 18-cv-0510 (SRN/HB), 2018 WL 7020186, at *3–4 (D. Minn. Dec. 20, 2018), *R. &. R. adopted*, 2019 WL 802048 (D. Minn. Feb. 21, 2019), whereas the instant case challenges a different HRO issued in 2019 by a different judicial officer. Before he filed the case at hand against the State Defendants, Fredin had not yet had an opportunity to litigate in federal court his claims arising from the 2019 HRO. Finally, the claim

6

brought against Referee Clysdale was a claim for conspiracy, *see Fredin v. Clysdale*, 2018 WL 7020186, at *6, whereas the claims brought here sound in the First, Fourth, and Fourteenth Amendments. Thus, the Court concludes that *at this time* Fredin has exhibited no more than an affinity for litigation against state judicial officers, and therefore recommends that the State Defendants' request for an order prohibiting him from filing any future lawsuits arising out of any state court HRO be denied.

### III.   Fredin's Motion for a Temporary Restraining Order or Preliminary Injunction

Fredin moves for a temporary restraining order or preliminary injunction to enjoin the enforcement of the 2019 HRO and a final order hearing scheduled in March 2020 in *Middlecamp v. Fredin*, Case No. 62-HR-CV-19-621 (Ramsey Cty. Dist. Ct). (Pl.'s Mem. Supp. Second Mot. TRO at 1 [Doc. No. 35].) He brings the motion against the State Defendants and Middlecamp. The State Defendants filed a memorandum in opposition to the motion. [Doc. No. 54.] Middlecamp did not file a response to the motion for injunctive relief, but there is no indication on the docket that Middlecamp was ever properly served with a copy of the summons and complaint or with either the first or the second motion for injunctive relief. (*See* Order [Doc. No. 45] (explaining likely service deficiencies); Fredin Letter [Doc. No. 48] (confirming Middlecamp was never personally served with the summons and complaint).)[6]

---

[6] On January 24, 2020, Middlecamp's attorney K. Jon Breyer filed a letter describing the service deficiencies and asking for leave to file a motion to dismiss on or before February 11, 2020. (Breyer Letter at 1–2 [Doc. No. 57].) The Court granted the request. [Doc. No. 59].

7

Four factors govern a court's decision to grant a preliminary injunction or a temporary restraining order: "(1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of the preliminary injunction is in the public interest." *Emerson Elec. Co. v. Rogers*, 418 F.3d 841, 844 (8th Cir. 2005) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)).

With respect to Fredin's request for injunctive relief against the State Defendants, there is no chance of Fredin's success on the merits of his claims because the State Defendants are immune from suit. "[A]n injunction cannot issue if there is no chance of success on the merits." *Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 972 (8th Cir. 2005). Thus, an injunction cannot issue against the State Defendants.

Regarding Fredin's request for injunctive relief against Middlecamp, the Court cannot fairly arrive at findings of fact or conclusions of law without a response from her. Therefore, the Court will hold in abeyance this aspect of the motion while the parties complete briefing. The Court will issue a separate order requiring Middlecamp to file a response to Fredin's Second Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 35] on or before **February 18, 2020**, and allowing Fredin to file a reply fourteen days after Middlecamp's response is filed, as permitted by the Local Rules.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Defendants James Street and Patrick C. Diamond's Motion to Dismiss [Doc. No. 29] be **GRANTED** as to dismissal with prejudice of all claims against them but **DENIED** as to an order prohibiting Plaintiff Brock Fredin from filing future lawsuits arising out of any HRO entered in state court; and

2. Plaintiff Brock Fredin's Second Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 35] be **DENIED** as to Defendants James Street and Patrick C. Diamond and **HELD IN ABEYANCE** as to Defendant Lindsey Middlecamp while the parties complete briefing on the motion.

Dated: February 5, 2020    s/ *Hildy Bowbeer*
　　　　　　　　　　　　　HILDY BOWBEER
　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).