# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | Case No. 19-cv-2864 (SRN-HB) |
| Plaintiff, | |
| v. | **ORDER** |
| James Street, Patrick C. Diamond, and Lindsey Middlecamp, | |
| Defendants. | |

Brock Fredin, 1180 7th Ave., Baldwin, WI 54002, pro se.

Joseph D. Weiner, Minnesota Attorney General's Office, 445 Minnesota St., Ste. 100, St. Paul, MN 55101, for Defendants James Street and Patrick C. Diamond; K. Jon Breyer, Kutak Rock LLP, 60 S. 6th St., Ste. 3400, Minneapolis, Minnesota 55402, for Defendant Lindsey Middlecamp.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Brock Fredin's Motion for Leave to File a Second Amended Complaint [Doc. No. 69]. For the reasons set forth below, the Court denies Fredin's motion.

## I.    BACKGROUND

On November 8, 2019, Fredin filed the Complaint [Doc. No. 1] in this action for declaratory and injunctive relief against Defendants Middlecamp, Street, and Diamond. Four days later, he amended the complaint. (Am. Compl. [Doc. No. 9].)

Defendant Middlecamp is a state court petitioner, who sought and obtained a harassment restraining order ("HRO") from the Ramsey County District Court against

Fredin on July 26, 2019. Defendant James Street is a Minnesota state court judicial referee who presides over Middlecamp's underlying action in state court, *Middlecamp v. Fredin*, No. 62-HR-CV-19-621 (Ramsey Cty., 2d Judicial Dist.). Defendant Patrick C. Diamond is a Ramsey County, Minnesota District Judge who issued the HRO. The HRO bars Fredin from harassing, contacting, or being at the job site or home of Middlecamp. (Am. Compl., Ex. A (HRO) at 3.) The HRO also contains, in relevant part, the following prohibitions:

1. Respondent shall not anonymously or pseudonymously register or publish websites, contribute to websites or generate social media posts, memes, images, or other online contact, or induce others on his behalf, which relate to Petitioner, nor shall he anonymously or pseudonymously contact third parties for any reason pertaining to Petitioner. Respondent must use his own legal name to the extent he wishes to communicate with third parties or publish content related to Petitioner so that this Court may, if necessary, evaluate whether such content or communications constitute harassment.

2. Respondent shall not provide to any third party or entity contact information or identifying information of Petitioner without leave of this Court.

3. Respondent shall not, as a self-represented party, commence any new litigation asserting claims against Petitioner without first obtaining leave of this Court or a judicial officer of the court in which that litigation is proposed to be filed. In the event Respondent elects to obtain leave of a judicial officer in the court in which he seeks to file a claim, Respondent must provide that judicial officer with a copy of this Court's Order.

(*Id.*) Plaintiff alleges that the HRO is to remain in effect for 50 years. (Am. Compl. ¶ 11.)

In this suit, brought pursuant to 42 U.S.C. § 1983, Fredin alleges that Defendants violated his constitutional rights under the First, Fourth, and Fourteenth Amendments. (*Id.* ¶¶ 25–55.) Among his requests, Fredin seeks "declaratory, prospective declaratory and injunctive relief that the July 26, 2019 [HRO]" violates the Constitution. (*Id.* at 12–13.)

On February 5, 2020, Magistrate Judge Hildy Bowbeer addressed two pending motions in a report and recommendation (R&R [Doc. No. 61]). She recommended that the motion to dismiss brought by Street and Diamond (the "State Judicial Defendants") be granted in part as to their request for dismissal with prejudice, but denied in part as to their request to prohibit Fredin from filing future lawsuits arising out of any HRO entered in state court. (*Id.* at 9.) In addition, the magistrate judge recommended that Fredin's motion for injunctive relief be denied in part as it related to the State Judicial Defendants, and held in abeyance in part as to Middlecamp, pending the completion of briefing. (*Id.*)

On February 11, 2020, Middlecamp filed a motion to dismiss the Amended Complaint. On February 19, 2020, Fredin filed the instant motion, seeking to amend the Amended Complaint. Among other things, he seeks to add allegations asserting that his claims include requests for prospective relief. (*See, e.g.*, Proposed Second Am. Compl. [Doc. No. 70-2] ¶¶ 39 ("[Plaintiff's First Amendment] rights are violated by the July 26, 2019 Order. Defendants are obligated to provide those rights in the future."); 46 (same); 54 (same).)

Defendants oppose Fredin's motion. Middlecamp argues that the proposed amended claims are moot because the HRO proceeding has concluded and a new order will be issued. (Middlecamp Opp'n Mem. [Doc. No. 79] at 3.) Even if his claims are not moot, Middlecamp argues, Fredin's proposed amendments fail to state a claim on which relief can be granted. (*Id*. at 3–7.) Among other things, Middlecamp argues that as a private citizen, she is not subject to liability under § 1983. (*Id.* at 5.) The State Judicial Defendants contend that Fredin's motion is untimely and absolute judicial immunity bars all of the

claims against them, rendering the proposed amendments futile. (State Judicial Defs.' Opp'n Mem. [Doc. No. 80] at 3–4.)

## II. DISCUSSION

### A. Standard of Review

Under the Federal Rule of Civil Procedure 15(a), once the period has expired for a plaintiff to amend the complaint as a matter of course, a plaintiff may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a plaintiff does not have an absolute right to amend. *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citation omitted). A court may deny a party's request for leave to amend if the proposed amendment would be futile. *See Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (citation omitted) (identifying futility of amendment as one of several bases on which to deny leave to amend). A proposed amendment is futile if the court finds "that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Croswell GST Trust v. Possis Med., Inc.,* 519 F.3d 778, 782 (8th Cir. 2008).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the pleading to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). The Court, however, need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.1999), or legal

conclusions that the plaintiff draws from the facts that the plaintiff alleges. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While the plausibility standard is "not akin to a probability requirement," it necessarily requires a complaint to present "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When considering a motion to dismiss under Rule 12(b)(6), "the court generally must ignore materials outside the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Courts may, however, "consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings." *Id.* (quotations and citation omitted); *see also Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) ("In addressing a motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." (quotation omitted)).

### B.  Whether Amendment is Proper

Regarding whether Fredin's claims against Middlecamp are now moot, the record here does not include a new HRO, and the Court was unable to electronically access the state court docket to determine whether a new HRO has been issued.[1]  Accordingly, the Court analyzes whether Fredin's proposed amendments would be futile—an argument raised by all Defendants in opposition to Fredin's motion.

#### 1.   Claims Against Ms. Middlecamp

To state a claim under § 1983, the conduct at issue must have been committed by a person acting under color of state law.  *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001).  Under some circumstances, "[a] private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function traditionally exclusively reserved to the state." *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (citation omitted); *see also Sabri v. Whittier Alliance*, 833 F.3d 995, 999-1000 (8th Cir. 2016) (stating that a private party may be considered a state actor "if the alleged deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible."  (citation omitted).  For example, the Supreme Court has found that a contractual relationship between a private medical provider and a state prison sufficiently meets the "acting under color of state law" requirement to subject the

---

[1] While courts are generally confined to the allegations in the pleadings when ruling on a Rule 12(b)(6) motion to dismiss, if the state court docket were available, the Court could properly consider it as a matter of public record.  *Porous Media Corp*., 186 F.3d at 1079.

private provider to liability under § 1983. *West v. Atkins*, 487 U.S. 42, 55 (1988); *see also Barnes v. Minn. Dep't of Corr.*, No. 11-cv-2534 (JNE/AJB), 2013 WL 2139522, at *7 n.7 (D. Minn. April 8, 2013) (finding private doctor was a "state actor" for § 1983 purposes).

In Fredin's proposed amendments, as well as in his Amended Complaint, he broadly alleges that "Defendants['] actions are taken under the color of state law." (Proposed Second Am. Compl. ¶¶ 30, 36, 43, 50, 51; Am. Compl. ¶¶ 28, 33, 39, 46.) But these entirely conclusory allegations are not subject to an inference that Middlecamp, a private citizen, was acting under color of state law. In fact, the allegations in the operative pleading—the Amended Complaint—contradict any such assertion. In the Amended Complaint, Fredin states that Middlecamp is a Minnesota citizen against whom he asserts his claims "in her personal capacity as a party to the unlawful actions taken by Judge Diamond and Referee Street in *Middlecamp v. Fredin*." (Am. Compl. ¶ 10; *see also* Proposed Second Am. Compl. ¶10.) He is suing Middlecamp based on her actions as a petitioner in a legal proceeding that she commenced as a private citizen. As such, Middlecamp is not subject to § 1983 liability. The fact that she successfully obtained the HRO issued by the Ramsey County District Court does not demonstrate the type of conduct necessary to otherwise confer § 1983 liability on a private citizen. *See Sabri*, 833 F.3d at 1000 (noting that the government's "'mere approval of or acquiescence in the initiatives of a private party' does not amount to state action.") (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Because Fredin's proposed amended claims against Middlecamp would be futile, the Court denies his Motion to Amend in this regard.

### 2.   Claims Against Referee Street and Judge Diamond

"Judicial immunity is immunity from suit.  It is grounded in a 'general principle of the highest importance,' that 'a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020) (quoting *Mireles v. Waco*, 502 U.S. 9, 10, 112 (1991)).  The actions that Plaintiff alleges Referee Street and Judge Diamond have taken were taken in their respective judicial capacities.  Absent some exception, they are entitled to judicial immunity.

Fredin contends that judicial immunity is inapplicable because he seeks to assert claims for prospective relief.  In *Justice Network Inc. v. Craighead County*, 931 F.3d 753, 764 (8th Cir. 2019), the Eighth Circuit observed that judicial immunity does not extend to claims for prospective declaratory relief.  (citations omitted).  However, on the facts of that case, the court found that because the plaintiff actually sought retrospective relief concerning past judicial actions, the judicial defendants were entitled to judicial immunity. *Id.*  Here, as in *Justice Network*, Fredin does not, in fact, seek prospective declaratory relief, despite his reference to "future" events.  (*See, e.g.*, Proposed Second Am. Compl. ¶ 21) (alleging, "Plaintiff has a right to petition by seeking redress for the below injuries at some future point in time.  Defendants violate these rights by the July 26, 2019 Order.").  Instead, he seeks an order declaring that the July 26, 2019 HRO, and the past actions of the State Judicial Defendants, violated his constitutional rights.  The Court therefore finds that the narrow exception for prospective declaratory relief is inapplicable, *see Justice Network*, 931 F.3d at 764, and both State Judicial Defendants are entitled to judicial

immunity.  Accordingly, because the proposed amendments would be futile as to the State Judicial Defendants, Fredin's motion to amend is denied in this regard as well.

In sum, Fredin is precluded from amending the Amended Complaint as to all of his proposed amendments.

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. No. 69] is **DENIED**.


Dated:  March 17, 2020                          s/Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge