# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>               Plaintiff,<br><br>v.<br><br>James Street, Patrick C. Diamond, and Lindsey Middlecamp,<br><br>               Defendants. | Case No. 19-cv-2864 (SRN/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

    This matter is before the Court on Plaintiff Brock Fredin's Second Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 35][1] as it pertains to Defendant Lindsey Middlecamp. The motion was referred to this Court for a report and recommendation by the Honorable Susan Richard Nelson [Doc. Nos. 16, 38].[2]

    The Court has already considered the aspects of the motion pertaining to former Defendants James Street and Patrick C. Diamond and recommended that Fredin's request for injunctive relief against those defendants be denied. (R. & R. at 9, Feb. 5, 2020 [Doc. No. 61].) That recommendation has been adopted. (Order at 1 [Doc. No. 82].) Because

---

[1] This Court recommended that Fredin's first Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 2] be denied in light of several procedural defects. (R. & R. at 2–3 [Doc. No. 17].)

[2] The Court understands that the order referring Fredin's first Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 16] also applies to the current motion.

Lindsey Middlecamp had not been served with the summons and complaint—or the motion—when the Court issued its earlier Report and Recommendation, the Court held the motion partially in abeyance so that Middlecamp could respond to it.  (R. & R. at 7–8, Feb. 5, 2020.)  The motion as to Middlecamp is now fully briefed, and the Court recommends that it be denied.

I.      **Background**

Plaintiff Brock Fredin is suing Lindsey Middlecamp pursuant to 42 U.S.C. § 1983 for allegedly violating his First, Fourth, and Fourteenth Amendment rights.  (Am. Compl. ¶¶ 1, 25–49 [Doc. No. 9].)  His claims relate to a 50-year harassment restraining order ("HRO") issued by state court judge Patrick C. Diamond on July 26, 2019, on a petition filed by Middlecamp ("2019 HRO").  (*Id.* ¶¶ 1, 2.)  Fredin accuses Middlecamp of using Twitter to harass him and then petitioning for the HRO to silence him.  (*Id.* ¶¶ 2, 12.)  The 2019 HRO bars Fredin from, *inter alia*, (1) commencing as a self-represented party any new cases against Middlecamp, without prior leave of a judicial officer; and (2) anonymously publishing or contributing to websites or generating social media posts or other online content relating to Middlecamp.  (Am. Compl. Ex. A at 3 [Doc. No. 1-2].)  After Judge Diamond issued the 2019 HRO, the proceeding was transferred to Referee Street.  (Am. Compl. ¶¶ 9, 14.)

Fredin also includes in the Amended Complaint several allegations that are the subject of other lawsuits he has filed against Middlecamp, including the allegedly false and defamatory nature of Middlecamp's tweets about him, a two-year HRO Middlecamp obtained in April 2017 ("2017 HRO"), and the service of the 2017 HRO and search of

Fredin's residence in April 2017.  (*Id.* ¶¶ 20–24.)  Fredin has explicitly denied any intention to challenge the 2017 HRO, however.  (*See* Pl.'s Mem. Opp'n Mot. Dismiss at 9 [Doc. No. 40].)

Fredin claims that the 2019 HRO violates the First Amendment by restraining his right to petition and freedom of speech and violates the Fourteenth Amendment because it was obtained without due process.  (Am. Compl. ¶¶ 15–17, 25–42.)  He also alleges a violation of the Fourth Amendment occurred when he was served with the 2017 HRO. (*Id.* ¶¶ 43–49.)  The claims against Middlecamp are brought against her in her personal capacity.  (*Id.* ¶ 10.)

On December 4, 2019, Judge Diamond and Referee Street filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  [Doc. No. 29.]  This Court recommended that the motion be granted [Doc. No. 61], and the District Court adopted the recommendation and granted the motion on March 17, 2020 [Doc. No. 82].  The District Court also adopted this Court's recommendation that Fredin's Second Motion for Temporary Restraining Order and Preliminary Injunction as to Judge Diamond and Referee Street be denied.  Middlecamp's motion to dismiss [Doc. No. 63] will be decided as submitted on the papers by the District Court [Doc. No. 83].

II.     **Discussion**

Fredin moves for a temporary restraining order or preliminary injunction to enjoin the enforcement of the 2019 HRO and a final order hearing in *Middlecamp v. Fredin*, Case No. 62-HR-CV-19-621 (Ramsey Cty. Dist. Ct).  (Pl.'s Mem. Supp. Second Mot.

3

TRO at 1 [Doc. No. 35].)³

Four factors govern a court's decision to grant a preliminary injunction or a temporary restraining order: "(1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of the preliminary injunction is in the public interest." *Emerson Elec. Co. v. Rogers*, 418 F.3d 841, 844 (8th Cir. 2005) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). Preliminary injunctive relief "is an extraordinary remedy, . . . and the burden of establishing the propriety of an injunction is on the movant." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted).

Middlecamp argues that Fredin has no chance of success on the merits of his claims against her because 42 U.S.C. § 1983 applies only to government action, not to an individual's private action, and she is being sued only in her personal capacity for actions she took as a private citizen. "Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). The Court has no trouble concluding from the allegations of the Amended Complaint and Fredin's motion filings that Middlecamp is being sued as a private party, not a state actor.

Neither party, however, addressed the issue of whether Middlecamp could be considered to have willfully participated in joint activity with Judge Diamond and

---

³ The Court cites to the original pagination, not the page numbers assigned by the CM/ECF system.

Referee Street. "A private party who willfully participates in joint activity with the State or its agents is considered a state actor." *Youngblood*, 266 F.3d at 855. As the party seeking injunctive relief, Fredin bears the burden to establish—with a showing of proof, not just conclusory statements—that Middlecamp willfully participated in joint activity with Judge Diamond and Referee Street, if that is indeed his theory. *See, e.g.*, *Gilmore v. Martin Cty. Sheriff Dep't*, No. 19-cv-0141 (WMW/ECW), 2019 WL 3878090, at *3 (D. Minn. July 12, 2019), *R. & R. adopted*, 2019 WL 3859516 (D. Minn. Aug. 16, 2019); *Munt v. Larson*, No. 12-cv-1206 (SRN/SER), 2015 WL 5673108, at *12 (D. Minn. Sept. 23, 2015); *Wickner v. Larson*, No. 09-cv-940 (DWF/JJK), 2010 WL 98940, at *3 (D. Minn. Jan. 11, 2010). But Fredin has not shown that Middlecamp willfully participated in joint state activity with Judge Diamond or Referee Street. Consequently, the Court finds that Fredin has not established a probability of success on the merits.

When a party fails to show a likelihood of success on the merits, it is not necessary for a court to address the remaining *Dataphase* factors. *Oglala Sioux Tribe v. C & W Enters., Inc.*, 542 F.3d 224, 233 (8th Cir. 2008). Accordingly, the Court stops its analysis here and recommends that Fredin's motion for injunctive relief against Middlecamp be denied. Similarly, the Court need not, and therefore does not, address Middlecamp's argument that the Anti-Injunction Act, 28 U.S.C. § 2283, bars the injunction Fredin requests.

Therefore, **IT IS HEREBY RECOMMENDED** that Plaintiff Brock Fredin's Second Motion for Temporary Restraining Order and Preliminary Injunction [Doc.

5

No. 35] be **DENIED** as to Defendant Lindsey Middlecamp.

Dated: April 9, 2020                     s/ *Hildy Bowbeer*
                                         HILDY BOWBEER
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).