UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>        Plaintiff,<br><br>v.<br><br>James Street, Patrick C. Diamond, and Lindsey Middlecamp,<br><br>        Defendants. | Case No. 19-cv-2864 (SRN-HB)<br><br>**ORDER** |

Brock Fredin, 1180 7th Ave., Baldwin, WI 54002, Pro Se.

K. Jon Breyer, Kutak Rock LLP, 60 S. 6th St., Ste. 3400, Minneapolis, Minnesota 55402, for Defendant Lindsey Middlecamp.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Lindsey Middlecamp's Motion to Dismiss [Doc. No. 63]. Plaintiff Brock Fredin failed to file an opposition memorandum. A hearing was originally scheduled, rescheduled, and ultimately cancelled in light of the COVID-19 pandemic and courthouse closures. The Court therefore rules on the papers. Because the motion is unopposed, it is granted, and, as discussed below, the Court grants the motion on the merits.

**II.**    **BACKGROUND**

The facts of this case are set forth in the Court's March 17, 2020 Order denying Plaintiff's Motion to Amend, *Fredin v. Street*, No. 19-cv-2864 (SRN/HB), 2020 WL 1271176, at *1–2 (D. Minn. Mar. 17, 2020) [Doc. No. 81], and are incorporated herein by

reference.  In brief, Fredin filed this § 1983 lawsuit in response to a Minnesota state court harassment restraining order ("HRO") that was issued against him.  He sued two state court judicial officers, whose motion to dismiss with prejudice was granted by this Court, *Fredin v. Street*, No. 19-CV-2864 (SRN/HB), 2020 WL 1277529, at *1 (D. Minn. Mar. 17, 2020) [Doc. No. 82], and Ms. Middlecamp, the state court petitioner for the HRO.

Ms. Middlecamp moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that § 1983 prohibits governmental actions that violate the Constitution, but not the actions of private citizens, such as herself.  (Def.'s Mem. [Doc. No. 65] at 1.)  In addition, she argues that the Anti-Injunction Act prohibits the Court from issuing Fredin's requested injunctive relief, and that Fredin fails to meet the four factors necessary for the issuance of a temporary injunction.  (*Id.* at 1–2.)

## II. DISCUSSION

### A. Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the pleading to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Court, however, need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts that the plaintiff alleges. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### B. Claims Against Middlecamp

In March 2020, the Court denied Fredin's Motion for Leave to File a Second Amended Complaint, and noted that the unconstitutional conduct in a properly pleaded § 1983 claim must be committed by a person "acting under color of state law." *Fredin*, 2020 WL 1271176, at *3 (citing 42 U.S.C. § 1983; *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001)). Under some circumstances, "[a] private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function traditionally exclusively reserved to the state." *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (citation omitted); *see also Sabri v. Whittier Alliance*, 833 F.3d 995, 999-1000 (8th Cir. 2016) (stating that a private party may be considered a state actor "if the alleged deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible." (citation omitted).

The Court applied this law to Fredin's proposed amendments, finding his conclusory allegations that Defendants' actions were "taken under color of state law," were not subject to an inference that Middlecamp, a private citizen, was acting under color of state law. *Fredin*, 2020 WL 1271176, at *3. Moreover, the Court observed that Fredin

pleaded the *same* conclusory allegations in the Amended Complaint. *Id.* (citing Am. Compl. ¶¶ 28, 33, 39, 46). At that time, while the Court ruled only on the futility of the proposed amendments, the same analysis dictates the outcome here. *Id.* at *4. In fact, as the Court previously observed, the allegations in the Amended Complaint contradict any assertion that Middlecamp acted under color of state law. *Id.* at *3–4. Rather, Fredin makes clear that he is suing Middlecamp based on her actions as a petitioner in a legal proceeding that she commenced as a private citizen. (Am. Compl. ¶ 10.) As such, Middlecamp is not subject to § 1983 liability.[1] The fact that she successfully obtained the HRO issued by the Ramsey County District Court does not demonstrate the type of conduct necessary to otherwise confer § 1983 liability on a private citizen. *See Sabri*, 833 F.3d at 1000 (noting that the government's "'mere approval of or acquiescence in the initiatives of a private party' does not amount to state action.") (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

In addition, the Court agrees with Middlecamp that the Anti-Injunction Act prohibits this Court from enjoining the state court proceedings, *see* 28 U.S.C. § 2283, and no exception applies. *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398

---

[1] Moreover, to the extent that Fredin bases his § 1983 claim on underlying violations of the First and Fourteenth Amendments, any alleged violation of the Free Speech Clause is not applicable to Middlecamp, a private citizen. *See Denver Area Ed. Telecommunications Consortium, Inc. v. F.C.C.*, 518 U.S. 727, 737 (1996) (plurality opinion) (recognizing that terms of First Amendment ordinarily apply to governmental action, not the actions of private citizens). And as to Fredin's allegation that Middlecamp violated his Fourth Amendment rights, the Fourth Amendment is similarly inapplicable to private citizens who are not acting as an agent of the government or with a government official's knowledge. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). The factual allegations do not support these claims.

U.S. 281, 286–87 (1970).  The Anti-Injunction Act prohibits federal courts from enjoining state court proceedings unless the requested injunction is "expressly authorized by an act of Congress," or is necessary to aid the district court's jurisdiction, or to protect or effectuate the district court's judgments.  *Id.*  Here, there is no express authorization, no question of the district court's jurisdiction, and Fredin's requested relief is contrary to the protection of the district court's judgments.

Accordingly, for all of the foregoing reasons, Plaintiff fails to state a claim against Middlecamp on which relief can be granted.  A motion to dismiss on Rule 12(b)(6) grounds may result in the dismissal of claims without prejudice, where repleading could cure any deficiencies.  Based on these facts, however, as a matter of law, Fredin cannot assert a plausible § 1983 claim against Middlecamp.  In fact, Fredin has already attempted to replead his claims, and failed.  *Fredin*, 2020 WL 1271176, at *3–4.  Fredin's claims against Middlecamp are therefore dismissed with prejudice, as the Court believes that any amendments would be futile.  *See Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (affirming dismissal with prejudice on grounds of futility).

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Middlecamp's Motion to Dismiss [Doc. No. 63] is **GRANTED**; and
2. Plaintiff's claims against Defendant Middlecamp are **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  May 5, 2020                                                   s/Susan Richard Nelson
                                                                                        SUSAN RICHARD NELSON
                                                                                        United States District Judge